FILED

October 10, 2018

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 8:44 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MEMPHIS

| | | |
|---|---|---|
| **MICHAEL PERSON,** | ) | **Docket No. 2017-08-0407** |
| **Employee,** | ) | |
| **v.** | ) | |
| **GUARDIAN INDUSTRIES** | ) | **State File No. 24035-2014** |
| **CORPORATION,** | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| **ESIS SOUTHWEST WC CLAIMS,** | ) | **Judge Deana C. Seymour** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING MEDICAL BENEFITS
### (DECISION ON THE RECORD)

This case came before the Court on September 25, 2018, on Mr. Person's Request for Expedited Hearing seeking an on-the-record determination.[1] The present focus of this case is whether Mr. Person is likely to prevail at a hearing on the merits in establishing entitlement to additional medical benefits.[2] For the reasons below, the Court holds he failed to satisfy his burden of proof and denies the requested benefits.

### History of Claim

On July 27, 2016, Mr. Person lifted a fifty-pound pump from a pit while working for Guardian Industries and felt a pull on the right side of his neck with pain radiating into his right shoulder, arm, and hand. He received authorized medical care from neurosurgeon Dr. John Brophy.

---

[1] This Court needed no additional information to determine whether Mr. Person is likely to prevail at a hearing on the merits. The Court's September 13 docketing notice listed the contents of the file and gave both parties seven business days to either object to the Court considering any of the documents and/or file position papers. Neither party filed evidentiary objections or additional arguments.

[2] The DCN also listed temporary disability benefits, but the parties neither argued nor presented evidence on that issue. The Court considers the issue waived at this time.

Dr. Brophy took Mr. Person's history, examined him, and reviewed his recent cervical MRI. The MRI revealed pre-existing cervical spondylosis with radiculopathy. Dr. Brophy gave Mr. Person treatment options of physical therapy or steroid injections. Should that treatment fail, he indicated he would consider surgery. Dr. Brophy ultimately told Mr. Person that his pre-existing spondylosis caused "more than fifty-one percent" of his ongoing symptoms, so his personal health insurance should handle further treatment costs. He released Mr. Person at maximum medical improvement (MMI) without restrictions on October 24. Based on Dr. Brophy's causation opinion, Guardian denied the claim as non-work-related.

Dr. Brophy's causation opinion prompted Mr. Person's counsel to send a letter to him with causation questions. Dr. Brophy responded that the work injury "more likely than not" caused an aggravation of his asymptomatic pre-existing condition" and that his treatment "thus far" was "reasonable, necessary and causally connected to the aggravation or exacerbation of the pathology."

Guardian's adjuster sent additional causation questions to Dr. Brophy. He answered that Mr. Person's current complaints of cervical radiculopathy were greater than fifty-one percent associated to his pre-existing spondylosis and degenerative changes. Further, Mr. Person reached MMI for his work injury and did not need further medical treatment. He assigned no impairment.

The parties deposed Dr. Brophy to clarify his causation opinion. He explained, "the pre-existing spondylosis at C-4, C5-6 and C7 is more than 51 percent of the etiology of his ongoing symptoms, and, therefore treatment with an injection or surgery would be more appropriately handled through his personal insurance."

Mr. Person filed a Petition for Benefit Determination requesting additional medical treatment for his work injury. He later requested an Expedited Hearing.

Mr. Person relied on the Appeals Board's decision in *Vercek v YRC, Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 39 (June 6, 2017) to argue his entitlement to medical treatment for his ongoing symptoms. He contended the work injury caused symptoms that he did not have before. Thus, as in *Vercek*, he was entitled to medical benefits for his ongoing symptoms.

Guardian countered that Mr. Person failed to prove he suffered a compensable aggravation of a pre-existing condition under Tennessee Code Annotated section 50-6-102(14) (2018). It cited *Willis v. All Staff,* No. M2016-01143-SC-R3-WC, 2017 Tenn. LEXIS 455 (Tenn. Workers' Comp. Panel Aug. 3, 2017). Guardian reasoned that Dr. Brophy stated several times that Mr. Person's incident at work was less than 50% of the cause of his ongoing symptoms and therefore not compensable under the law.

## Findings of Fact and Conclusions of Law

At an Expedited Hearing, Mr. Person "must come forward with sufficient evidence from which the court can conclude that he is likely to prevail at a hearing on the merits." *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015). He need not prove every element of his claim by a preponderance of the evidence at this interlocutory stage. *Id.*

An aggravation of a pre-existing condition is a compensable injury when "it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14)(A). The Workers' Compensation Appeals Board previously held:

> [A]n employee can satisfy the burden of proving a compensable aggravation if: (1) there is expert medical proof that the work accident contributed more than fifty percent (50%)' in causing the aggravation, and (2) the work accident was the cause of the aggravation more likely than not considering all causes.

*Miller v. Lowe's Home Centers, Inc.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 40, at *13 (Oct. 21, 2015) (internal citations omitted).

Applying these principles, the Court notes that both parties contended Dr. Brophy's opinion supports their arguments and selectively cited only the specific sections of the deposition and records. Neither party suggested a reading of the deposition as a whole. The Court finds Guardian's position more persuasive.

The central theme from the deposition and medical records is that Mr. Person's pre-existing spondylosis caused "more than fifty-one percent" of his ongoing symptoms *after MMI.* Citing *Vercek*, Mr. Person contended Dr. Brophy's opinion satisfied his burden; specifically, he concluded that his work "'more likely than not' caused an aggravation of his asymptomatic pre-existing condition" and that his treatment "thus far" was "reasonable, necessary and causally connected to the aggravation or exacerbation of the pathology."

The Court disagrees. In *Vercek,* the employee claimed a work injury aggravated his osteoarthritis, making his shoulder symptomatic for the irst time. The ATP concurred and testified that he suffered an aggravation of a pre-existing condition arising primarily out of and in the course and scope of his employment, which resulted in the need for medical treatment. The employee proved entitlement to additional medical benefits because the ATP directly related the need for additional medical treatment to the work injury.

Unlike *Vercek*, the injured employee in *Willis* dislocated his kneecap in a work incident. His ATP testified that the knee injury "could have" contributed to the injury or was a "possible" cause of the injury, "in theory." The Panel held:

> [W]hile that testimony may have been sufficient under prior law, it is insufficient under the statutes applicable to this appeal, which state that any injury arises out of employment only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing injury, considering all causes.

*Willis,* 2017 Tenn. LEXIS 455, at *7 (internal citations omitted).

Here, the Court concludes Mr. Person failed to demonstrate he is likely to prevail at a hearing on the merits in establishing entitlement to additional medical benefits. Dr. Brophy related Mr. Person's present need for medical treatment more to his pre-existing spondylosis than to the aggravation caused by the work injury. Therefore, the Court denies his requested benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1.  Mr. Person's request of additional medical benefits is denied.

2.  This matter is set for a Scheduling Hearing on **December 10, 2018,** at **11:00 a.m. Central Time**. You must call 615-532-9550 or toll-free at 866-943-0014 to participate. Failure to call may result in a determination of the issues without your further participation.

**ENTERED October 10, 2018.**

_____
**JUDGE DEANA C. SEYMOUR**
**COURT OF WORKERS' COMPENSATION CLAIMS**

**APPENDIX**

The Court reviewed the entire case file in reaching its decision. Specifically, the Court reviewed the following documents, marked as exhibits for ease of reference:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing and Affidavit
4. Dr. John D. Brophy's Deposition Transcript and Deposition Exhibits
5. Employee's Brief on Causation of Claimed Injury
6. Employer's Brief on Causation of Claim Injury.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Order was sent to the following recipients by the following methods of service on October 10, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Email Address |
|------|----------------|------------------|---------|-----------|---------------|
| Jeffrey P. Boyd, Employee's Attorney | | | | X | jboyd@borenandboyd.com |
| Bill Walk, Employer's Attorney | | | | X | bwalk@pcplc.com |

_____
Penny Shrum, Court Clerk
wc.courtclerk@tn.gov

5